UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NADEZNHA R. BINSFELD, <br><br> Plaintiff, <br><br> v. <br><br> UNITED AIRLINES, INC., <br><br> Defendants. | Civil Action No.: 2:18-cv-01480 (CCC)(JBC) <br><br> **DEFENDANT'S ANSWER AND** <u>**AFFIRMATIVE DEFENSES**</u> |

Defendant United Airlines, Inc. ("Defendant" or "United"), by and through its attorneys, Nukk-Freeman & Cerra, P.C., respectfully answers the Complaint of Plaintiff Nadeznha R. Binsfeld ("Plaintiff") as follows:

## THE PARTIES

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint, except states that United's principal place of business is in Chicago, Illinois.

## BACKGROUND/ALLEGATIONS

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint, except states that Plaintiff was employed with United from July 1, 1994 to June 30, 2015.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff served as a Customer Service Representative; Training Coordinator; Ticket Sales Representative; and Real Time Tools (RTT) Supervisor, but denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that, during the course of her employment with United, Plaintiff received letters of commendation from customers and ratings of "meet" or "exceed" on certain

performance evaluations, but denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that in April of 2015, Plaintiff requested a leave of absence and submitted supporting documentation, and that United approved her request for leave. United is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 7 of the Complaint and leaves Plaintiff to her proofs.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint, except admits that prior to starting her leave, Defendant disclosed to her supervisor, Maria Miranda, that she was requesting leave due to a personal situation.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint, except admits that Plaintiff was notified that her position was being impacted and that she had the opportunity to apply for other open positions within United.

10. Defendant denies the allegations contained in Paragraph 10, except admits that on June 30, 2015, Plaintiff was offered severance pay and benefits.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint, except admits that all RTT Supervisors were given the opportunity to apply for the Operational Supervisor position.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint, except admits that Plaintiff was not hired for an Operational Supervisor position at the time.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint, except admits that Plaintiff submitted an "appeal" letter in July 2015.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint, except admits that Flora Johnson is a Human Resource Manager, Airport Operations/Cargo and that Hermes Pineda is a Managing Director.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint, except admits that Plaintiff was laid off on June 30, 2015, and Plaintiff voluntarily entered into a Severance Agreement dated August 14, 2015 with United.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint, except admits that Plaintiff filed a Charge of Discrimination with the New Jersey Division on Civil Rights ("NJDCR") and the Equal Employment Opportunity Commission ("EEOC") in April of 2017. By way of further answer, the Charge of Discrimination that Plaintiff filed with the NJDCR and EEOC is a written document that speaks for itself.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-1 ET. SEQ. (DISABILITY DISCRIMINATION)

25. Defendant reincorporates and re-alleges its responses to Paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. The allegations contained in Paragraph 26 of the Complaint constitute conclusions of the law to which no response is required. To the extent a response is deemed to be required, Defendant admits that the NJLAD makes it unlawful for an employer to discriminate or take an adverse employment action against an employee because they are or have been at any time disabled, but expressly denies that it engaged in disability discrimination in violation of the NJLAD.

27. The allegations contained in Paragraph 27 of the Complaint constitute conclusions of the law to which no response is required. To the extent a response is deemed to be required, Defendant admits that NJLAD is applicable to both physically and non-physically handicapped persons and even perceived disabilities, but expressly denies that it engaged in disability discrimination in violation of the NJLAD.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. The allegations contained in Paragraph 29 of the Complaint constitute conclusions of the law to which no response is required. To the extent a response is deemed to be required, Defendant denies such allegations.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. The allegations contained in Paragraph 31 of the Complaint constitute conclusions of the law to which no response is required. To the extent a response is deemed to be required, Defendant denies such allegations.

## COUNT II

### VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-1 ET. SEQ. (RETALIATION FOR COMPLAINTS OF DISCRIMINATION)

32. Defendant reincorporates and re-alleges its responses to Paragraphs 1 through 31 of the Complaint as it the same were set forth fully herein.

33. The allegations contained in Paragraph 33 of the Complaint constitute conclusions of the law to which no response is required. To the extent a response is deemed to be required, Defendant admits that the NJLAD makes it unlawful for an employer to take reprisals against any person because he/she has opposed any practices or acts outlawed by the NJLAD, but expressly denies that it took such reprisals in violation of the NJLAD.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. The allegations contained in Paragraph 35 of the Complaint constitute conclusions of the law to which no response is required. To the extent a response is deemed to be required, Defendant denies such allegations.

36. Defendant denies the allegations in contained in Paragraph 36 of the Complaint.

37. The allegations contained in Paragraph 37 of the Complaint constitute conclusions of the law to which no response is required. To the extent a response is deemed to be required, Defendant denies such allegations.

**WHEREFORE**,

a-f. Defendant denies that Plaintiff is entitled to any of the relief requested.

Defendant requests an entry of judgment against Plaintiff (1) dismissing the Complaint with prejudice and denying all relief requested by Plaintiff; (2) awarding Defendant attorney's fees and costs and disbursements of this action; and (3) for such other and further relief as the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. The Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief can be granted.

2. The Complaint or some of the claims therein are barred, in whole or in part, due to Plaintiff's failure to exhaust her administrative remedies and the exclusive remedy provision of the Law Against Discrimination.

3. The Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or unclean hands.

4. The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

5. At all times relevant to this matter, Defendant acted in good faith and in accordance with all applicable laws, regulations and standards and without malice or reckless indifference to Plaintiff's protected rights.

6. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct any alleged retaliatory or discriminatory behavior. Plaintiff unreasonably failed to utilize preventative or corrective opportunities provided by Defendant or otherwise avoid harm.

7. Plaintiff's claims are barred, in whole or in part, because Defendant acted promptly and effectively at all times in responding to any complaints asserted by Plaintiff.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any injuries, damages or losses as a result of any action by Defendant.

9. To the extent that Plaintiff has failed to mitigate, minimize or avoid any damages allegedly sustained, any recovery against Defendant must be precluded or reduced.

10. The injuries, damages or losses alleged in the Complaint are not the result of any wrongful act or omission of Defendant.

11. Plaintiff's damages, if any, were caused by the acts or omissions of third parties over whom Defendant had no control or right to control.

12. Plaintiff's damages, if any, were caused by the acts or omissions of Plaintiff.

13. Plaintiff has failed to plead a sufficient basis for the recovery of punitive damages, attorneys' fees, enhanced attorneys' fees, costs, or any other relief.

14. Some or all of Plaintiff's claims are frivolous and/or brought in bad faith.

15. The Complaint contains insufficient information to permit Defendant to raise all available defenses and Defendant therefore reserves its right to amend and/or supplement this Answer and these defenses and to assert additional defenses.

        NUKK-FREEMAN & CERRA, P.C.
        *Attorneys for Defendant United Airlines, Inc.*

    By: *s/ Robin H. Rome*
        Robin H. Rome, Esq.
        Iman Wells, Esq.
        26 Main Street, Suite 301
        Chatham, NJ 07928
        rrome@nfclegal.com
        iwells@nfclegal.com
        Telephone:  (973) 665-9100
        Facsimile:  (973) 665-9101

Dated: February 23, 2018

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

>NUKK-FREEMAN & CERRA, P.C.
>*Attorneys for Defendant United Airlines, Inc.*
>
>By: *s/ Robin H. Rome*
>    Robin H. Rome, Esq.
>    Iman Wells, Esq.
>    26 Main Street, Suite 301
>    Chatham, NJ 07928
>    rrome@nfclegal.com
>    iwells@nfclegal.com
>    Telephone:  (973) 665-9100
>    Facsimile:  (973) 665-9101

Dated: February 23, 2018